IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 18-MJ-01191

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM DEAN MEYERS,

Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

This matter is before the Court for detention hearing on October 29, 2018. The Court has taken judicial notice of the Court's file and the Pretrial Services Report. Moreover, the Court has considered that the United States seeks detention and the defendant does not contest detention..

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence. In this case, the defendant is charged with one count of Bank Robbery—a violation of 18 U.S.C. §2113(a), which carries a maximum term of imprisonment over ten years and therefore a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and the entire court file. The defendant does not contest detention. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged with one count of bank robbery, in violation of 18 U.S.C. §2113(a).

Second, according to the Pretrial Services Report, the defendant has an extensive criminal history, including prior bank robbery convictions. He was on supervised release at the time of the instant alleged offense. I find that the rebuttable presumption of detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3) and based upon the charges brought against Mr. Meyers.

In light of these facts, and the failure of the defendant to contest detention or rebut the presumption in favor of detention, I find, by a preponderance of the evidence, that defendant is a flight risk and that there is no condition or combination of conditions of release that will reasonably assure his presence in court. Accordingly, I order that the defendant be detained without bond.

DATED and ENTERED this 30th day of October, 2018
BY THE COURT
s/ N. Reid Neureiter
N. Reid Neureiter
U.S. Magistrate Judge